# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 20, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RHONDA LINDSAY, | * | |
| | * | |
| Petitioner, | * | No. 21-2153 |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 13, 2023, Rhonda Lindsay ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner's ("Pet.") Interim Fees Motion ("Int. Mot.") (ECF No. 47). I hereby GRANT petitioner's motion and award $12,565.04 in interim attorneys' fees and costs.

### I.  Procedural history

On November 10, 2021, petitioner filed her claim for compensation in the National vaccine Injury Compensation Program. Petition (ECF No. 1). Petitioner alleges that as a result of receiving the influenza vaccine on September 28, 2020, she developed Guillain-Barre syndrome ("GBS"). *Id.* Petitioner was initially represented by attorney Mr. Scott Rooney. Mr. Rooney, on behalf of petitioner, filed medical records to support her claim.

Petitioner's case was initially assigned to the Special Processing Unit ("SPU"). Activation and Reassignment Order (ECF No. 20). On November 21, 2022, respondent filed a status report stating that the case was not appropriate for compensation under the Vaccine Program and requested to file the Rule 4(c) report. Respondent's ("Resp.") Status Report ("Rept.") (ECF No. 44). Respondent filed the Rule 4(c) report on January 5, 2023, stating that petitioner has a diagnosis of Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"),

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

and therefore petitioner does not meet a Table claim for GBS and that petitioner has not provided an expert opinion as to how the flu vaccine could cause petitioner's CIDP. Resp. Rept. at 15 (ECF No. 46).

On February 13, 2023, petitioner filed this motion for interim attorneys' fees and costs. Pet. Int. Mot. Petitioner is requesting that her previous attorney of record, Mr. Scoot Rooney be awarded $11,917.50 in attorneys' fees and $647.54 in attorneys' costs. *Id.* at 2. In her motion, petitioner also states that she has "chosen to terminate her relationship with the undersigned Counsel and retain new counsel." *Id.* at 2. Relevant to this motion, on February 27, 2023, petitioner filed a consented motion to substitute attorney, replacing Mr. Rooney with Mr. Andrew Downing. Consent Motion to Substitute Attorney (ECF No. 48). The motion was granted the same day. On March 27, 2023, the case was reassigned to my docket. Notice of Reassignment (ECF No. 51).

Respondent filed a response to petitioner's interim fee's motion on February 16, 2023, stating that respondent "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Response (ECF No. 48). Respondent requests that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### a. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my review of the evidence filed to-date, I find that this claim was filed with and has maintained good faith and reasonable basis.

### b. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer

ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, petitioner was initially represented by Mr. Scott Rooney, an experienced attorney in the Vaccine Program. He filed relevant medical records to support her claim and he represented her while the case was pending in the SPU. However, petitioner decided to terminate her attorney-client relationship with Mr. Rooney and proceed with another attorney. Further, petitioner filed this motion prior to Mr. Downing entering his appearance. As such, I will make an exception and grant petitioner's interim fee motion so that Mr. Rooney can be compensated for his work on her claim while he was the attorney of record.

### III. Reasonable attorneys' fees and costs

#### a. Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### b. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2017-2022 can be accessed online.

Petitioner is requesting that her former attorney, Mr. Rooney be reimbursed at an hourly rate of $400.00 per hour for work performed in 2021 and $450.00 per hour for work performed in 2022. Mr. Rooney's rates are consistent with the fee schedule, and he has been awarded these rates previously. *See Schweder v. Sec'y of Health & Human Servs.,* No. 20-1077V, 2022 WL 4078659 (Fed. Cl. Spec. Mstr. Aug. 4, 2022). Accordingly, I find his hourly rate reasonable and does not need to be adjusted.

### c. Hours expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with petitioner's interim fee application, the number of hours expended appear to be reasonable, and adequately documented. Accordingly, petitioner is awarded $11,917.50 in attorneys fees.

### d. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner is requesting that Mr. Rooney be reimbursed for a total of $647.54 in attorneys' costs. This amount includes the filing fee, obtaining medical records and making copies of records. These costs are routinely reimbursed by the program and shall be done in this matter.

## IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED. Accordingly, I award the following:**

1) **A lump sum in the amount of $12, 565.04 for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former counsel, Mr. Scott W. Rooney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master