# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-2153

| | |
|---|---|
| RHONDA LINDSAY,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 1, 2026 |

*Nancy R. Meyers,* Turning Point Litigation, Greensboro, NC, for Petitioner.

*Lynn C. Schlie,* U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 10, 2021, Rhonda Lindsay filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition, dated Aug. 19, 2021. (ECF No. 1) ("Pet."). Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of receiving an influenza vaccine on September 28, 2020. On January 5, 2026, a Decision awarding Petitioner damages was issued. Decision on Damages (ECF No. 98).

Petitioner was first represented by Scott Rooney from the initiation of this claim through February 27, 2023, when attorney Andrew Downing entered his appearance. Clerk's Notice Granting Motion to Substitute Attorney, dated Feb. 27, 2023. At that time, an award of interim fees was issued. Decision on Interim Attorneys' Fees and Costs (ECF No. 62). Mr. Downing represented Petitioner until February 14, 2025, and thereafter current counsel began work in the

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

matter. Clerk's Notice Granting Motion to Substitute Attorney, dated February 14, 2025. Petitioner filed a second motion for an interim fees award, requesting a total of $43,636.43 ($31,682.00 in fees and $11,954.43 in costs). Second Interim Fee Motion ("Second Int. App.") (ECF No. 80). Respondent reacted to the Motion, deferring to the special master to determine if the legal standard for an award of interim fees and costs has been met. Response (ECF No. 81). But no action was taken on this second interim fees request.

On July 8, 2026, Petitioner filed a final fees motion, requesting that her current attorney of record, Ms. Nancy R. Meyers, be awarded fees and costs totaling $30,721.24 ($30,240.00 in fees and $481.24 in costs). Final Fees Motion (ECF No. 105). Respondent reacted to petitioner's motion, stating that the statutory requirements had been met in this matter and deferred to the Court to determine a reasonable award of final fees award. Response (ECF No. 106). Petitioner replied on July 15, 2026, reiterating her request for the full amount of requested in both pending fee motions. Reply (ECF No. 107).

For the reasons set forth below, I hereby **GRANT** Petitioner's two pending motions, awarding final fees in the amount of $74,357.67.

**Calculation of Attorneys' Fees**

Because Petitioner was successful in this matter, she is entitled to a fees award. An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

**(A) Attorney's Fees**

Petitioner is requesting the following rates for her attorneys and support staff, based on the years work was performed:

| | **2023** | **2024** | **2025** | **2026** |
|---|---|---|---|---|
| Andrew Downing | $445 | $485 | N/A | N/A |
| Courtney Jorgenson | $345 | $375 | N/A | N/A |
| Nancy R. Meyers | N/A | $530 | $530 | $560 |
| Danielle Avery | $155 | $175 | N/A | N/A |

| | | | | |
|---|---|---|---|---|
| Alex Malvick | $155 | $175 | N/A | N/A |
| Samantha Perez | N/A | $175 | N/A | N/A |
| Taylor Barrett | N/A | N/A | $180 | $210 |
| Janelle Tharp | N/A | N/A | $180 | $210 |

The attorneys at Petitioner's former and current counsel's firms have been recognized to practice in forum, thus entitling them commensurate rates established in *McCulloch*. Furthermore, these attorneys and support staff have previously been awarded the requested rates for their work in the Vaccine Program, and I find the rates to be reasonable here as well. *See Cunningham v. Sec'y of Health & Hum. Servs.,* No. 22-211V, 2026 WL 2085629, at *2 (Fed. Cl. Spec. Mstr. June 29, 2026) (awarding hourly rates for Ms. Meyers and paralegals for 2025 and 2026); *Cracraft v. Sec'y of Health & Hum. Servs.,* No. 20-562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024) (awarding hourly rates for Mr. Downing for 2023 and 2024).

Additionally, I have reviewed the billing statements provided with both motions and find the overall hours expended on this matter to be reasonable. Accordingly, no reductions will be made, and Petitioner's former and current attorneys are awarded the full amount of fees requested.

**(B) Litigation Costs**

Like fees, petitioners are required to establish the reasonableness of requested litigation costs. *Perreira,* 27 Fed. Cl. 29, 34 (1992). Petitioner is requesting $11,954.43 in attorneys' costs for her former attorney, Mr. Downing. Second Int. App. at 12. These costs include obtaining medical records, postage, and retaining Dr. Lawrence Steinman as an expert. Dr. Steinman charged $550.00 per hour and performed 20.5 hours of work on this matter, resulting in one expert report for a total sum of $11,275.00. Second Int. App. at 11-12. Petitioner has submitted invoices and corresponding payments for most costs, such as postage and medical record retention. However, Mr. Downing did not submit an invoice for Dr. Steinman (not the first time this has occurred).*See Zinzi v. Sec'y of Health & Hum. Servs.,* No. 21-1729V, 2026 WL 1878518, at *6 (Fed. Cl. Spec. Mstr. June 4, 2026) (noting that Mr. Downing did not submit an invoice for an expert retained).

Even though I have reduced expert awards in other cases where an expert's time is not formally substantiated in a billing invoice,[3] I am reluctant to deny compensation to experts for their efforts. Given that this case was ultimately resolved by stipulation, and Dr. Steinman did not appear to spend excessive time on this matter, no reduction will be made to his fee (although future failures to substantiate expert time may result in denial of this cost category).

[3] *See,* e.g., *J.S. v. Sec'y of Health & Hum. Servs.,* No. 16-1083V, 2025 WL 2463263l, at *6 (Fed. Cl. Spec. Mstr. July 30, 2025) ("[e]xperts who fail to produce invoices detailing their hourly rates and time spent on a matter should not expect to continue to receive a full award.").

Petitioner is also requesting $481.24 for costs incurred by her current attorney. Final Fee App. Attachment 1 at 22. These costs include obtaining medical records and postage, and Petitioner has submitted invoices with corresponding payments. Accordingly, Petitioner's final attorneys' costs are reasonable, and shall be awarded in full.

## Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT** Petitioner's motions for final attorneys' fees and costs. **I award a total of $74,357.67, reflecting (a) $43,636.43 in fees and costs to be paid through an ACH deposit to petitioner's *former* counsel, Andrew D. Downing's, IOLTA account for prompt disbursement; and (b) $30,721.24 to be paid through an ACH deposit to Petitioner's counsel of record, Ms. Nancy Meyers's, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' join filing of notice renouncing the right to seek joint review.